## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISCTRICT OF TENNESSEE, WESTERN DIVISION

| | | |
|---|---|---|
| MARQUIS BUCHANON | ) | |
| | ) | CIVIL COMPLAINT |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CASE NO. |
| PREMIER BANKCARD, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | **JURY DEMAND** |

## COMPLAINT

Now comes MARQUIS BUCHANON ("Plaintiff"), complaining as to the conduct of PREMIER BANKCARD, LLC ("Defendant"), for its unlawful conduct as follows:

### NATURE OF THE ACTION

**1.** Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227 *et seq.* and Tennessee common law.

### JURISDICTION AND VENUE

**2.** This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1337 as the action arises under the laws of the United States.

**3.** Venue is proper in the Court pursuant to 28 U.S.C. § 1391 as the substantial portion of the events giving rise to the claims occurred within the Western District of Tennessee.

## PARTIES

4. Plaintiff is a natural person residing within this District.

5. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principles, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. Earlier this year, Plaintiff began receiving numerous phone calls from Defendant regarding a purported debt.

8. Upon reference, Defendant uses an automatic telephone dialer system ("ATDS") to place calls.

9. On March 7, 2019, Plaintiff called Defendant to request that Defendant cease and desist harassing Plaintiff with phone calls.

10. Defendant's agent answered and requested Plaintiff's name, which Plaintiff provided.

11. Plaintiff then told Defendant's agent to stop calling Plaintiff.

12. This constitutes express withdraw of any purported consent by Plaintiff to be contacted by Defendant.

13. Defendant continued to harass Plaintiff with further calls to Plaintiff's personal cell phone.

14. On March 19, Plaintiff received one such phone call from Defendant.

15. Plaintiff answered this phone call and once again told Defendant to stop calling him.

16. This constitutes a second instance where Plaintiff expressly withdrew any purported consent to be contacted by Defendant in this manner.

17. Again, Defendant continued harassing Plaintiff with phone calls.

18. On April 4, 2019, Plaintiff once again called Defendant and requested that it cease and desist contacting him.

19. Also on April 4, 2019, Plaintiff received a letter from Defendant, acknowledging receipt of Plaintiff's request to stop contacting him.

20. Nevertheless, the calls from Defendant did not stop.

21. Defendant placed a total of 75 separate phone calls to Plaintiff's personal cell phone after Plaintiff expressly withdrew any purported consent to be contact by Defendant.

## COUNT I — AUTODIALER VIOLATIONS OF THE TCPA

22. Plaintiff realleges the paragraphs above as if fully set forth herein.

23. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(A), prohibits calling persons on their cellular phones using an ATDS without their prior express consent.

24. The TCPA, under 47 U.S.C. § 227(b)(1), defines an automatic telephone dialer system ("ADTS") as "equipment which has the capacity … to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

25. The volume of calls placed by Defendant to Plaintiff, especially after Plaintiff expressly withdrew consent to be contacted by Defendant, indicates that Defendant employed an ATDS to place its calls to Plaintiff's phone.

26. Plaintiff expressly stated to Defendant on March 7, 2019, that Plaintiff withdrew any purported consent to be contacted by Defendant via an ATDS.

27. Plaintiff again gave express notice to Defendant on March 19, 2019 that Plaintiff withdrew any purported consent to be contacted by Defendant via an ADTS.

28. Defendant violated the TCPA by placing at least 75 phone calls to Plaintiff's personal cell phone using an ATDS after Plaintiff withdrew any purported consent.

29. Defendant was on notice that Plaintiff had withdrawn any purported consent to receive calls, making Defendant's conduct in violating the TCPA knowing and willful.

30. Plaintiff is entitled to $500 per call under this count, trebled for knowing or willful violations.

## COUNT II – INVASION OF PRIVACY

31. Tennessee common law permits a cause of action for invasion of privacy where one unreasonably intrudes, physically or otherwise, upon the solitude or seclusion of another if the intrusion would be highly offensive to a reasonable person.

32. Defendant intruded upon Plaintiff's seclusion by placing a total of 75 phone calls to Plaintiff's cell phone after Plaintiff expressly withdrew any purported consent to be contacted by Defendant.

33. Defendant's harassing conduct of placing 75 phone calls to Plaintiff's phone was highly offensive to Plaintiff.

34. A reasonable person would also be highly offended by receiving 75 unsolicited, unwelcome phone calls.

35. Plaintiff suffered actual noneconomic harm in the form of emotional distress, anxiety, and frustration as a result of Defendant's conduct.

WHEREFORE, Plaintiff respectfully requests judgment as follows:

a. Awarding Plaintiff statutory damages in the amount of $500 per violation of the TCPA;

b. Awarding Plaintiff treble damages for willful or knowing violation by Defendant of the TCPA;

c. Awarding Plaintiff actual noneconomic damages in an amount to be determined at trial;

d. Awarding exemplary and punitive damages to the extent provided for by law;

e. Awarding Plaintiff the costs of this action; and

f. Awarding Plaintiff any other relief as the Honorable Court deems just and appropriate.

**A TRIAL BY JURY IS DEMANDED.**

[ 5 ]

Dated:  June 20, 2019

>By:  s/ Michael Ryan Franz
>Michael Ryan Franz
>Lacy, Price & Wagner, P.C.
>249 North Peters Rd. Suite 101
>Knoxville, TN  37923
>(865) 246-0800
>(865) 690-8199 FAX
>
>
> s/ Jonathan Hilton*
>Jonathan Hilton (0095742)
>HILTON PARKER LLC
>10400 Blacklick-Eastern Rd NW, Suite 110
>Pickerington, OH 43147
>Tel: (614) 992-2277
>Fax: (614) 427-5557
>jhilton@hiltonparker.com
>
>* *Pro hac vice to be submitted.*